PAUL B. SNYDER
United States Bankruptcy Judge
1717 Pacific Ave, Suite 2209
Tacoma, WA 98402

✓ FILED
____ LODGED
____ RECEIVED

**July 2, 2007**

MARK L. HATCHER
CLERK U.S. BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA
_____DEPUTY

# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF WASHINGTON AT TACOMA

In re:

CLINTON PETER FRIDLEY and SHANNON LEIGH FRIDLEY,

Debtors.

Case No. 06-40424

**MEMORANDUM DECISION**

**NOT FOR PUBLICATION**

This matter came on for hearing on June 5, 2007, on the Motion for Entry of Discharge filed by Clinton Peter and Shannon Leigh Fridley (Debtors). The Chapter 13 Trustee (Trustee) opposed the motion. Based on the pleadings and arguments presented, the Court's findings of fact and conclusions of law are as follows:

## FINDINGS OF FACT

The Debtors filed a Chapter 13 Bankruptcy Petition on March 14, 2006. On that same date, they also filed a Chapter 13 Plan (Plan). In their Schedule I, Debtors stated their total monthly combined income to be $2,479, or approximately $29,748 per year. The Debtors' Form B22C indicates that this income is below the applicable median family income and that the applicable commitment period is 36 months.

The Debtors' Amended Plan dated May 17, 2006, was confirmed on June 27, 2006. The confirmed Plan provides for payments of $125 per month, but does not commit the

MEMORANDUM DECISION - 1

Debtors' tax refunds. Under paragraph 3.E.2., "Other Unsecured Claims," the Plan provides that "[t]he Debtor(s) will pay 100% to claimants in this class, or pay projected disposable income for no less than the Applicable Commitment Period of either 36 or 60 months as stated below." In subparagraph 3.E.2(b), the Plan provides that the "debtor(s) projected disposable income during the applicable commitment period of no fewer than 36 months totals $0 . . . ."

As required by the Order Confirming Chapter 13 Plan Dated 5/17/06 (Confirmation Order), and by 11 U.S.C. § 521(f), the Debtors provided the Trustee with a copy of their 2006 tax return (Return) on February 5, 2007. The Return indicates that the Debtors' wages for 2006 were $43,076, a substantial increase over what the Debtors stated was their income on Schedule I. Other than providing a copy of the Return, the Debtors did not provide any additional information to the Trustee regarding their change in circumstances or receipt of additional income.

On May 1, 2007, the Debtors made a lump-sum payment to the Trustee in the amount of $2,900, for a total amount paid into the Plan of $4,704.15. On May 9, 2007, the Debtors filed their Motion for Entry of Discharge Pursuant to 11 U.S.C. § 1328(a) and Notice of Hearing on Motion (Motion), with a supporting declaration stating that they are not required by a judicial or an administrative order, or by statute, to pay a domestic support obligation. The Court heard oral argument on the Motion and the Trustee's subsequent objection on June 5, 2007.

**CONCLUSIONS OF LAW AND DISCUSSION**

The Debtors contend that because they have completed all payments under the Plan, they are entitled to a discharge in accordance with 11 U.S.C. § 1328(a). Further, a

modification of their Plan is not required under 11 U.S.C. § 1329(a) since all required Plan payments were made. The Debtors contend that applicable changes under the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAPCPA), if any, have no effect on the dispositive issues in this case, as §§1328 and 1329 were not changed in a manner that would have an impact on the Court's analysis. Cases such as In re Sounakhene, 249 B.R. 801, 805 (Bankr. S.D. Cal. 2000), and In re Sunahara, 326 B.R. 768, 781-782 (9th Cir. BAP 2005), are cited as permitting a debtor to pay off a Chapter 13 plan prior to its expiration by making a lump-sum payment to the trustee, and holding that 11 U.S.C. § 1325(b) was not incorporated into § 1329.

The Trustee argues that the Debtor failed to report the additional income in violation of the Confirmation Order, but admits that copies of the Debtors' Return were provided on February 5, 2007, three months before the Debtors' current motion, indicating the Debtors' wages for 2006 had substantially increased over what was reported on their Schedule I. The Trustee also urges the Court that BAPCPA dictates that the Court should adopt a "temporal" approach to the applicable commitment period under 11 U.S.C. § 1325(b). Generally, under this approach, the Debtors cannot complete "all payments under the plan" unless they actually make payments into their Plan for 36 months, which is the applicable commitment period in the instant case.

The Court agrees with the Debtors that the language of 11 U.S.C. § 1329 is clear "'that a plan cannot be modified once all payments have been made.'" In re Meza, 467 F.3d 874, 878 (5th Cir. 2006) (quoting In re Moss, 91 B.R. 563, 565, 566 (Bankr. C.D. Cal. 1988) (bankruptcy court held that when the debtor has made all payments required under the plan, because there are no other conditions for receiving a discharge under Chapter 13, the debtor

is entitled to a discharge)). Pursuant to 11 U.S.C. § 1328(a), "as soon as practicable after completion by the debtor of all payments under the plan . . . the court shall grant the debtor a discharge of all debts provided for by the plan." The Court also agrees with the Debtors that this is a mandatory provision that provides no discretion to the bankruptcy court. See In re Parffrey, 264 B.R. 409, 414 (Bankr. S.D. Tex. 2001).

The primary issue presented to the Court, then, is whether all payments have been made under the Debtors' Plan so as to require a discharge being entered. The Debtors are seeking to pay off their Plan 22 months early by tendering to the Trustee the amount originally anticipated to be paid under the Plan, without requesting a Plan modification, not paying unsecured creditors in full, and notwithstanding an increase of over 40% in their earnings. As indicated above, however, it is recognized that if all payments required by the Debtors' Plan have been made, modification is precluded by 11 U.S.C. § 1329(a), and a discharge must be entered in accordance with 11 U.S.C. § 1328(a). In order to determine whether all Plan payments have been made as required as a condition of discharge by §1328(a), it is necessary to decide whether remaining in the Plan for 36 months is a statutory or Plan obligation, requiring at a minimum a motion to modify on the Debtors' proposed early tender of the anticipated Plan payments to the Trustee.

The Plan requires the Debtors to pay 100% to unsecured claimants, or pay the Debtors' projected disposable income, which is calculated to be zero, for no less than the applicable commitment period of 36 months. Consistently, 11 U.S.C. § 1325(b)(4)(B) provides that the applicable commitment period "may be less than 3 or 5 years, whichever is applicable under subparagraph (A), but only if the plan provides for payment in full of all

MEMORANDUM DECISION - 4

allowed unsecured claims over a shorter period." (emphasis added). It is not disputed that the applicable commitment period for these below median Debtors is three years.

The Debtors primarily rely on pre-BAPCPA cases that allowed debtors to prepay their Chapter 13 plans. The facts of this case, however, are distinguishable. Sunahara and Sounakhene both involved debtors who sought to prepay their plans after refinancing their real property. Each of those cases involved the use of an exempt capital asset to fund the prepayment. The Debtors are not disposing of a capital asset. The Debtors' prepayment was presumably funded by additional income reported on their Return, but not by amending Schedule I.

In Sounakhene, in analyzing the debtors' claim that they had completed their plan obligations, thereby precluding a modification by the Trustee, the court noted that in a case where the debtors had received an inheritance or won the lottery and rushed to tender a lump sum to prevent an increased distribution to creditors, it "might consider a later [plan] completion date." Sounakhene, 249 B.R. at 804 n.4. The court then went on to hold that the disposable income test of 11 U.S.C. §1325(b)(1) is not strictly applicable to a modification under 11 U.S.C. § 1329, but that consideration of the disposable income analysis is relevant to the exercise of the court's judgment and discretion. Sounakhene, 249 B.R. at 805. Lastly, the court specifically found that the debtors had no disposable income after the refinance. Sounakhene, 249 B.R. at 803.

The court in Sunahara specifically stated that several factors are relevant to whether or not the debtors would be allowed to modify their plan to prepay their debt without full payment to creditors. The Ninth Circuit Bankruptcy Appellate Panel held that the bankruptcy court should consider whether a plan modification was proposed in good faith under 11

MEMORANDUM DECISION - 5

U.S.C. § 1325(a)(3). Sunahara, 326 B.R. at 781. This requires a determination of the debtor's overall financial condition, including the likelihood that the debtor's disposable income will significantly increase or expenses decrease, the proximity of time between confirmation of the plan and the filing of the modification, and the risk of default versus the certainty of immediate payment to creditors. Sunahara, 326 B.R. at 781-82. The court's reasoning in Sunahara indicates that a debtor is required to make payments for a minimum of thirty-six months, but may be able to avoid this requirement when the facts and overall equities support a finding that requiring the debtor to ride out the remainder of his or her plan duration would be of no benefit to the creditors.

It is noteworthy that in Sunahara, the issues were resolved through the modification process, whereas in the instant case, the Debtors propose to circumvent the modification process through an early lump-sum payment of what they anticipate is owed under their original Plan. The Court concludes, however, because the Plan itself requires 36 months of payments or a 100% payment to unsecured claimants in paragraph 3.E.2., the Debtors cannot short circuit the requirement absent a modification. Further, although Sounakhene and Sunahara are pre-BAPCPA cases, consideration must be given to Congress adding 11 U.S.C. § 1325(b)(4)(B) requiring Chapter 13 plans to operate a full 36 or 60 months, unless unsecured creditors are paid in full. This provision would have little meaning if the theory advanced by the Debtors is adopted.

Since the Court is required to determine whether a 36 month payment plan is temporal in order to decide if all payments under the Debtors Plan have been made, the Court concludes similar to In re Casey, 356 B.R. 519, 527 (Bankr. E.D. Wash. 2006), and In re Slusher, 359 B.R. 290, 301 (Bankr. D. Nev. 2007), that the applicable commitment period

MEMORANDUM DECISION - 6

is temporal. The Court agrees with the dicta set forth in Slusher, where the court found that Congress's imposition of a temporal requirement would imply that the early payoff of a Chapter 13 plan may not be allowed unless the debtor files and confirms a plan modification permitting such a payoff. Slusher, 359 B.R. at 305 n.27. It is rational to deduce that 11 U.S.C. § 1325(b)(4)(B) would not have permitted the Debtors to propose a plan requiring thirteen monthly payments and then a lump sum, unless such plan paid all unsecured claims in full. Accordingly, a determination as to whether all payments have been made under a debtors' plan, when creditors are not paid in full, requires that debtors proceed through a plan modification process.

It is recognized that the Debtors argue that any change in their circumstances are not relevant because it is too late for the Trustee to modify the Plan, once a tender of the Plan payoff has been made. This, however, presupposes that the Debtors have met the requirement of "completion by the debtor of all payments under the plan" in order to be entitled to a discharge as required by 11 U.S.C. § 1328(a). Since the Court has concluded that the Debtors have not completed all payments as required by their Plan, because they have not paid creditors in full, the Trustee is not too late to move this Court for a modification.

The Court also agrees with the Trustee that the Debtors' proposed early payoff is not in good faith. These Debtors clearly can afford to pay something to their creditors. Their gross income has significantly increased, no Amended Schedule I was filed to report this increase, and neither the Trustee nor creditors have been accorded an opportunity to seek modification because of their significant increased earnings. Allowing debtors to prepay plan payments and cut off a modification that would have increased plan payments for the benefit of creditors goes against the underlying policy of BAPCPA. Granting a discharge in this case

MEMORANDUM DECISION - 7

would also encourage debtors to not forthrightly report their increases in income as required by the Confirmation Order.  Requiring debtors to file a motion to modify their plan provides interested parties the notice and opportunity for hearing that would serve to sort out those debtors who can afford to pay more to their creditors from those who cannot, as the plan modification process requires that notice and an opportunity to be heard be provided to the Chapter 13 trustee and all interested parties in accordance with Fed. R. Bankr. P. 3015(g).

Lastly, requiring debtors to modify their plans when requesting an early payoff without full payment to creditors discourages a race to the courthouse between a debtor moving to pay off his plan early, and a Chapter 13 trustee or interested creditor, interested in reviewing a debtor's finances through the modification process.  See, e.g., In re Wimpee, 343 B.R. 845 (Bankr. W.D. Ky. 2006).  This Court concludes "there is nothing inequitable or contrary to the Bankruptcy Code, [pre- or post-BAPCPA,] in requiring that debtors go through the plan modification process in order to pay their chapter 13 plans off early without paying allowed creditor claims in full." In re Schiffman, 338 B.R. 422, 435 (Bankr. D. Or. 2006).

The Court concludes that the Debtors are not entitled under 11 U.S.C. § 1328(a) to the entry of a discharge, as the Debtors did not complete all of their payments required under the Plan.  The Debtors' Plan and 11 U.S.C. § 1325(b)(4)(B) require that the applicable commitment period cannot be shortened, absent a Plan modification, unless unsecured creditors are paid in full.  This plan modification process will allow the Court and interested parties to fully consider the Sunahara factors.

DATED: July 2, 2007

_____
Paul B. Snyder
U.S. Bankruptcy Judge

MEMORANDUM DECISION - 8